# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| RALPH L. HAYES, <br><br> Plaintiff, <br><br> v. <br><br> CALIBER HOME LOANS, INC., ET AL., <br><br> Defendants. | CIVIL NO. 6:15cv00010 <br><br><br> MEMORANDUM OPINION <br><br><br> JUDGE NORMAN K. MOON |

This matter is before me on *pro se* Plaintiff Ralph Hayes' ("Plaintiff") motion for leave to proceed *in forma pauperis*, in which he seeks to file his complaint without prepaying fees or costs. In his complaint, Plaintiff seeks damages for alleged violations of the Truth in Lending Act ("TILA") and Fair Debt Collection Practices Act ("FDCPA"). Plaintiff also requests an injunction preventing the foreclosure of his home, which is scheduled to take place on April 22, 2015. For the reasons stated herein, I hereby grant Plaintiff's motion and dismiss the complaint pursuant to 28 U.S.C. § 1915 for failure to state a claim upon which relief may be granted.

## I. LEGAL STANDARD

Under 28 U.S.C. § 1915, district courts must screen initial filings and dismiss a complaint filed *in forma pauperis* "at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted. . . ." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (noting that § 1915 permits "district courts to independently assess the merits of *in forma pauperis* complaints, and 'to exclude suits that have no arguable basis in law or fact.' ") (quoting *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995)).

## II. Discussion

As it stands, Plaintiff's complaint has no basis in fact and plainly fails to state a legal claim upon which relief may be granted. Plaintiff asserts that Defendants are liable for TILA violations based on events that occurred in 2005. However, a one-year statute of limitations applies to such claims. *Bradford v. HSBC Mortg. Corp.*, 799 F. Supp. 2d 625, 633 (E.D. Va. 2011) (noting that a one-year statute of limitations applies to claims asserting TILA violations). Accordingly, Plaintiff's TILA claims are time-barred and therefore meritless.

Plaintiff's FDCPA claims similarly fail. To establish a violation of the FDCPA, three requirements must be satisfied: (1) the plaintiff who has been the target of collection activity must be a "consumer," as defined in § 1692a(3); (2) the defendant collecting the debt must be a "debt collector," as defined in § 1692a(6); and (3) the defendants must have engaged in an act or omission in violation of the FDCPA. The FDCPA defines a "debt collector" as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). Here, even after liberally construing his complaint, Plaintiff's claims fail because he has alleged no facts indicating that any of the named Defendants could be treated as "debt collectors." His complaint is therefore insufficient to state a claim under the FDCPA.

## III. Conclusion

For these reasons, the motion to proceed *in forma pauperis* is **GRANTED**, and the Clerk of the Court is **DIRECTED** to file Plaintiff's complaint, which is hereby **DISMISSED without prejudice**. An appropriate order follows.

Entered this    22nd     day of April, 2015.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE